IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01206-WYD-KLM

MELISSA MCGAHEY, an individual,

    Plaintiff,

v.

AURORA MEDIA GROUP, LLC, a Colorado limited liability company,

    Defendants.

---

### STIPULATED PROTECTIVE ORDER

---

To adequately protect material entitled to be kept confidential, expedite the flow of discovery and facilitate the prompt resolution of disputes over confidentiality, it is HEREBY ORDERED that:

1. This Protective Order shall apply to all documents, materials and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties adopted under the Federal Rules of Civil Procedure.

2. Documents or information produced or provided by the parties during the course of discovery in the above matter may be designated as "Confidential Information" so long as the party who seeks confidentiality has a good faith belief that such document or information is entitled to confidentiality under the terms of this Order.

EXHIBIT A

4

3.  For purposes of this Order, "Document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

4.  For purposes of this Order, "Producing Party" means a party that produces Confidential Information or other information in connection with this litigation.

5.  For purposes of this Order, "Recipient" means a named party in this litigation (or counsel thereto and their agents) who receives Confidential Information or other information in connection with the litigation.

6.  For purposes of this Order, "Confidential Information" means information that implicates common law and statutory privacy and/or confidentiality interests such as (a) personnel or personal or medical or financial information of employees or former employees of Aurora Media Group, LLC, including plaintiff, (b) trade secrets, proprietary information, commercial or financial information or business confidential documents that are maintained confidential in the ordinary course of business for any party or subsidiary or affiliate of any party, or (c) any aggregation of Confidential Information. The identification of an individual document or category of documents or information as Confidential Information may be challenged pursuant to paragraph 12 of this Order. Confidential Information shall not be disclosed or used for any purpose except for the preparation and trial of this case.

7.  The Producing Party may designate as Confidential Information any information it believes to be confidential, including, without limitation, (i) non-public information about a past, present or potential employee (including plaintiff) of Defendant or a current or former subsidiary, including personnel records, medical or financial information, evaluations, compensation levels, databases, surveys, statistical analyses, analyses of personnel practices, or

other information incorporating or aggregating information pertaining to individuals and (ii) trade secrets or other non-public proprietary, strategic or commercial information, data or research.

8. Before any information is designated as "Confidential Information," counsel of record for the Producing Party must first review the information and make a determination, in good faith, that the documents and/or information are confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c).

9. To designate Confidential Information on Documents, the Producing Party shall place a legend or stamp upon the Document indicating such in a way that brings the designation to the attention of a reasonable examiner, or otherwise puts the Recipient on reasonable notice that it contains Confidential Information, which notice may also be contained in separate correspondence within 10 days after production. To designate Confidential Information in testimony (or in exhibits referred to therein), the Producing Party shall (a) make an oral statement to that effect on the record, or (b) notify the Recipient in writing at any time up until twenty (20) days after receipt of the transcript. Pending expiration of this twenty (20) day period, the Recipient shall treat all such testimony (and exhibits referred to therein) as if they had been designated as "Confidential Information." To designate Confidential Information that is stored or recorded in the form of electronic or magnetic media (including information, files, e-mails, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes), the Producing Party shall affix a label on the media or casing indicating such in a way that brings the designation to a reasonable examiner or, where not practical, include a cover letter referring generally to such media.

10. The Recipient of Confidential Information shall use that information solely in connection with this litigation and shall not disclose Confidential Information, except that such information may be disclosed to:

- a) counsel of record in this action and employees of counsel in this action who have been actively engaged in the conduct of this litigation;

- b) the parties, including the designated representatives for Defendant;

- c) the Court and its officers (including court reporters);

- d) Defendants' or their subsidiaries' or affiliates' in-house counsel;

- e) experts or litigation consultants engaged by counsel to assist in this litigation, provided that these expert witnesses or litigation consultants expressly agree to be bound by the terms of this Order and not to disclose Confidential Information except as permitted herein;

- f) fact witnesses providing testimony by deposition or at any court proceeding in this case but only in accordance with the procedures set forth in paragraph 11 of this Order.

- g) other person(s) by written agreement of the parties.

11. The Recipient of Confidential Information shall disclose such information to persons set forth in paragraphs 10(e) through 10(g), of this Order only under the conditions set forth below:

- a) Prior to disclosure of Confidential Information, the Recipient shall advise that person that, pursuant to this Order, he or she may not divulge such information to any other individual.

- b) Any person who receives Confidential Information, shall execute an Agreement in the form annexed hereto as Exhibit A. Each original, executed Agreement shall be maintained in the files of the Recipient and shall be available for review by all counsel and parties upon reasonable notice.

        c)      The Recipient who discloses Confidential Information, shall maintain a list specifically identifying the persons to whom the information was disclosed and the Bates number and/or other means sufficient to identify such information disclosed.

12. In the event the Recipient disputes the Producing Party's designation of individual documents or a category of documents or information as Confidential Information, the Recipient shall notify the Producing Party in writing of such dispute, and proceed in accordance and compliance with Magistrate Judge Kristen L. Mix's Discovery Dispute Hearing Procedures.

13. Inadvertent failure to designate Confidential Information shall not be construed as a waiver, in whole or in part, and may be corrected by the Producing Party by written notification to the Recipient promptly upon discovery of the failure to designate.

14. All Confidential Information obtained by a Recipient in discovery shall be used by the Recipient solely for prosecution or defense of the claims in this litigation, and shall not be used by the Recipient in any other legal action, or for any business, commercial, competitive, personal, publicity, media, or other purpose. No Recipient or other person to whom Confidential Information is disclosed shall copy, transcribe, or otherwise reproduce in written or any other form any part or portion of any Confidential Information except as necessary for purposes of the litigation.

15. Within fifteen (15) business days after the conclusion of this litigation, by adjudication (including appeals) or otherwise, the Recipient, upon request of the Producing Party, shall return to the Producing Party all Confidential Information, all copies of such information, and any Documents incorporating such information. Alternatively, the Recipient shall destroy all such materials and certify in writing that all such materials have been destroyed.

16.     Confidential Information shall be filed in accordance with D.C.COLO.LCivR 7.2. If a Party intends to file any Confidential Information with the Court, or any pleadings, motions, or other papers filed with the Court contain such information, the Party will move to restrict access to the information in accordance with D.C.COLO.LCivR 7.2. Where possible, only the portions of filings containing Confidential Information shall be filed with the Court under restriction.

17.     The restrictions set forth in this Order shall not apply to information that was, is or becomes public knowledge through its authorized release by a person or entity who rightfully obtained and possesses such information during the normal course of business, and not in violation of this Order, or to Defendant (or its subsidiaries), with respect to its own information or information received or created during the normal course of its own business, except as to plaintiff's personnel information. The owner of Confidential Information that becomes a matter of public record in any other manner shall be able to seek protection of that information in accordance with this Order even if it did not produce that information in discovery.

18.     If a Party is served with a subpoena or a court order issued in another matter that compels disclosure of any information or items designated in this action as "Confidential," that Party must promptly notify in writing the Producing Party. Such notification shall include a copy of the subpoena or court order. That Party must also promptly notify in writing the individual or party that caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Order. If the Producing Party timely seeks a protective order in connection with the demand for production of Confidential Information, the Party served with the subpoena

or court order shall not produce any Confidential Information before a determination by the court from which the subpoena or order issued. The Producing Party shall bear the burden and expense of seeking protection of its Confidential material and nothing in these provisions should be construed as authorizing or encouraging a Recipient in this action to disobey a lawful directive.

19. Nothing in this Order shall be deemed to be a limit or waiver of the attorney-client privilege, the work product privilege, or any other relevant privilege. Further, inadvertent production of privileged information shall not waive the privilege. If privileged information is inadvertently produced, the Recipient agrees that, upon request from the Producing Party, it shall promptly return all copies of Documents containing the privileged information, delete any versions of the Documents containing the privileged information on any database or computer filing system it maintains, and make no use of the privileged information.

20. Nothing in this Order shall prohibit any party from objecting to the admissibility or use of Confidential Information. Nothing in this Order shall preclude any Confidential Information from being used as evidence by either party in this civil action. Confidential Information may be used during trial to the extent permitted by the Federal Rules of Evidence.

21. In the event either party or their counsel obtain information from a third party that the other party believes is confidential, the other party may designate such information Confidential Information pursuant to this Order and it shall be treated as such in accordance with this Order.

22. If a Recipient discloses Confidential Information in a manner not authorized herein, the Recipient must immediately and in writing notify the Producing Party of all pertinent

facts relating to such disclosure and, without prejudice to other rights and remedies of the Producing Party, make every effort to prevent further disclosure by the Recipient or by the person to whom the Recipient disclosed such information.

23. The Court shall retain jurisdiction, both before and after the entry of final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Order.

DATED this 22nd day of October, 2015.

By _____
~~The Honorable Wiley Y. Daniel~~
~~United States District Court Ju~~dge

KRISTEN L. MIX
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

## EXHIBIT A

### AGREEMENT CONCERNING INFORMATION COVERED BY A PROTECTIVE ORDER ENTERED IN THE UNITED STATES DISTRICT COURT OF COLORADO

The undersigned hereby acknowledges that he/she has read the Protective Order ("Order") in *McGahey v. Aurora Media Group, LLC*, Civil Action No. 15-cv-01206-WYD-KLM, and understands its terms, agrees to be bound by each of those terms, and agrees to subject himself/herself personally to the jurisdiction of the United States District Court of Colorado for the purpose of enforcing its terms. Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any Confidential Information made available to him/her other than in accordance with the Order.

Dated: _____, 2015

By: _____

_____
(Type or print name of individual)

Of: _____
    Name of Employer